UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE C. PENDLETON, as Trustee for the Candace C. Pendleton Trust Dated March 27, 1991,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. 13-6283-CBM-(RZx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Wells Fargo Bank, N.A's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 6.)

## I.   JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

## II.   PROCEDURAL AND FACTUAL OVERVIEW

On October 22, 2007, Plaintiff executed a promissory note (the "Note") in favor of Defendant in the amount of $1,950,000.00 secured by a deed of trust (the "Loan") to finance a residence located at 28901 Selfridge Drive, Malibu, California 90265.  (Compl. ¶ 1.)  Defendant is the servicer of the Loan.  (*Id.*)

On February 12, 2013, Plaintiff sent Defendant written correspondence identifying herself and the Loan.  (*Id.* at ¶ 12.)  She requested several pieces of

1

information and requested various documents and information. (*See* Compl. ¶ 12; Compl. Exh. A.) The letter also states that Plaintiff "disputes the amount that is owed based on the ballooning amounts allegedly owed as escrow fees, unnecessary added charges, and a refusal by the servicer to provide an accounting informally." (Compl., Exh. A.)

This case is about Defendant's failure to respond to the February 12, 2013 letter from Plaintiff. Plaintiff filed her Complaint on August 27, 2013, alleging one cause of action for a violation of the Real Estate Settlement Procedures Act ("RESPA"). (Docket No. 1.) Plaintiff alleges Defendant failed to acknowledge receipt of Plaintiff's correspondence within five days as required by 12 U.S.C. § 2605. (Compl. ¶¶ 14-15.)

## III. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted is grounds for dismissal of the Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 172 L. Ed. 2d 868 (2009) (citation and quotation omitted). Although the Court must accept the factual allegations in the Complaint as true, the Court must not accept the legal conclusions in the Complaint as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV. DISCUSSION

**A.  Whether Plaintiff's February 12, 2013 Letter was a QWR.**

Defendant argues that Plaintiff has failed to allege a Qualified Written Request ("QWR") identifying a specific servicing error. RESPA requires a loan

servicer to respond to a request from a borrower only if the request is a QWR. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). To constitute a QWR, a borrower's request must: (1) reasonably identify the borrower's name and account, (2) state the borrower's "reasons for the belief . . . that the account is in error" or "provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seek "information relating to the servicing of (the) loan." *Id.* (quoting 12 U.S.C. § 2605(e)(1)(B)). No "magic words" are required. *Id*.

The Ninth Circuit has explained the term "Servicing" under RESPA as follows:

> ["Servicing"] encompass[es] only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments." "Servicing," so defined, does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement. Such events precede the servicer's role in receiving the borrower's payments and making payments to the borrower's creditors.

*Id.* at 666-67 (quoting 12 U.S.C. § 2605(i)(3)).

Plaintiff's February 12, 2013 letter meets the three criteria in *Medrano*. 704 F.3d at 666. First, her letter identifies her name and account. (Compl. Exh A at 1.) Second, the letter states the reasons she believes her account is in error and provides details regarding the information she seeks. The letter states: "Ms. Pendleton . . . disputes the amount that is owed based on the ballooning amounts allegedly owed as escrow fees, unnecessary added charges, and a refusal by the servicer to provide an accounting informally." (*Id.*) The letter also requests fifteen separate items of information. (*Id.* at 1-2.) Third, the letter seeks information relating to the servicing of loan, not just non-servicing issues, such as the origination of the loan. Plaintiff's letter states that she believes that Defendant

3

has not provided an accounting and that Defendant has added unnecessary charges to the amount she is required to pay on her loan. (*Id.* at 1.) She also requests information on the charges she receives from Defendant and a complete servicing log. (*Id.* at 2.) Thus her letter relates to "scheduled periodic payments from a borrower pursuant to the terms of [Plaintiff's] loan . . . and making the payments of principal and interest and such other payments," which are servicing-related issues. *Medrano*, 704. F.3d at 666 (quoting 12 U.S.C. § 2605(i)(3)).

Importantly, Plaintiff's letter provides the reasons she believes there have been servicing errors. (Compl. Exh. A at 1.) This satisfies *Medrano*, which held

> To the extent that a borrower is able to provide reasons for a belief that the account is in error, the borrower should provide them, but any request for information made with sufficient detail is enough under RESPA to be a qualified written request and thus to trigger the servicer's obligations to respond.

704 F.3d at 666 (citation omitted). This also distinguishes Plaintiff's letter from other cases in which courts have held the failure to allege specific servicing errors can be grounds to grant a motion to dismiss. *See, e.g.*, *Phillips v. Bank of Am. Corp.*, No. C 10-0400 JF (HRL), 2010 WL 1460824, *4 (N.D. Cal. Apr. 9, 2010) (Fogel, J.).

In addition to Plaintiff's servicing-related requests, Plaintiff's letter may also contain requests not related to servicing. For example, the letter requests a copy of the signed Note and her final signed Loan application. (Compl., Exh. A at 2.) Even if some of Plaintiff's requests do not relate to servicing, the letter can still be a QWR. Courts have held that a letter that mixes servicing requests and non-servicing requests can constitute a valid QWR. *See, e.g.*, *Rey v. OneWest Bank, FSB*, 2013 U.S. Dist. LEXIS 60272, *10 (E.D. Cal. Apr. 25, 2013) (England, C.J.) (although the plaintiff's letter made some requests that did not relate to the servicing of his loan, the letter also sought information related to servicing and was still a QWR).

4

### B. Whether Plaintiff Has Alleged Damages

#### 1. Actual Damages

Defendant argues that Plaintiff has failed to plead actual damages. A failure to allege actual damages is grounds for dismissing a RESPA claim under 12 U.S.C. § 2605. *Davidson v. Countrywide Home Loans, Inc.*, No. 09-CV-2694-IEG (JMA), 2011 WL 1157569, *4 (S.D. Cal. Mar. 29, 2011) (Gonzalez, C.J.) However, courts have interpreted the requirement to plead actual damages "liberally." *Yulaeva v. Greenpoint Mortg. Funding, Inc*., No. 09-1504 LKK/KJM, 2009 U.S. Dist. LEXIS 79094, *44 (E.D. Cal. Sept. 3, 2009) (Karlton, J.).

With respect to damages, Plaintiff alleges:

> As a direct and proximate result of Wells Fargo's conduct, Plaintiff has suffered <u>actual</u> pecuniary damages that include, but are not limited to, the over calculation and overpayment of interest on Plaintiff's Loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits, and attorney's fees and costs, in an amount to be proven at trial.

(Compl. ¶ 18.)

This sufficiently alleges actual damages and distinguishes the instant matter from the cases in which courts ruled that actual damages were not sufficiently alleged. *See, e.g.*, *Davidson*, 2011 WL 1157569 at *4 (plaintiffs only alleged that they "were damaged"); *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1095 (E.D. Cal. 2010) (plaintiff only alleged that he "suffered and continues to suffer damages and costs of suit"). This also distinguishes Plaintiff's case from cases in which courts have held that a borrower failed to allege a causal link between the alleged damages and the servicer's failure to comply with RESPA. *See, e.g.*, *Durland v. Fieldstone Mortg. Co.*, No. 10CV125 JLS (CAB), 2011 WL 805924, *3 (S.D. Cal. Mar. 1, 2011) (Sammartino, J.)[1]

---

[1] Defendant suggests that Plaintiff's credit rating fell because she is behind on her loan payments, arguing that her alleged injuries "may likely be the result of her own inability to remain current on the loan." (Motion at 8:17-26.) Plaintiff has not alleged that she is behind on her loan. The Court must take all her allegations as true for the

### 2. Statutory Damages

Plaintiff alleges that Defendant is subject to statutory damages. (Compl. ¶ 17.). To allege statutory damages under RESPA, a borrower must allege a pattern and practice of non-compliance with 12 U.S.C. § 2605. 12 U.S.C. § 2605(f). Plaintiff has failed to allege such a pattern or practice. Furthermore, the Complaint is based on a single letter to Defendant. Plaintiff does not respond to Defendant's Motion with respect to statutory damages and appears to concede that statutory damages are not available in this case. The law is clear that statutory damages are unavailable based on Plaintiff's allegations.

## V. CONCLUSION

Defendant's Motion is **GRANTED WITH PREJUDICE** with respect to Plaintiff's request for statutory damages. Defendant's Motion is otherwise **DENIED.**

**IT IS SO ORDERED.**

DATED: Dec. 6, 2013____        _____
                               CONSUELO B. MARSHALL
                               UNITED STATES DISTRICT JUDGE

---

purposes of this Motion. Accordingly, the Court cannot simply assume that Plaintiff is behind on her loan when no such allegation exists in the Complaint.